JULIA A. NEWELL, RESPONDENT, *v.* LOUISA TOLES, APPELLANT, IMPLEADED WITH ADA FIRTH, OWEN PORTER, MALISSA NEWELL AND OTHERS.

*Residuary clause — when real estate is not covered by.*

A testatrix, after disposing by her will of various articles of personal property, and in no way alluding to real estate therein, provided: "Should my executor find other property belonging to me, not herein anywise disposed of, he may sell the same, and from the proceeds thereof give two-thirds of the same to Louisa Toles and the remainder to Mrs. Alfred Barnes." After her death it was found that the testatrix owned certain real estate.

*Held,* that the last clause of the will meant other property of the same kind as that therein before disposed of, and therefore only related to personal property, and that the real estate passed to her heirs-at-law.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

The action was brought to partition certain real estate, situated in the town of Franklin. The question was whether certain real estate, owned by Lulie S. Porter, deceased, passed under the residuary clause of her will, and not to her heirs-at-law.

*W. H. Johnson*, for the appellant Louisa Toles.

*Jonas M. Preston*, for the respondent.

BOARDMAN, J.:

We have examined this case and the authorities with care. Such examination has convinced us of the correctness of the decision of the court at Special Term. DENIO, J. says in *Post* v. *Hover* (33 N. Y., 599) "'to devise an estate by implication there must be such a strong probability of an intention to give one that the contrary cannot be supposed. * * * Unless it appears upon an examination of the whole will, that such must have been the intention, there is no devise by implication." The right of the heir is to be preferred to that of the devisee in doubtful cases. The intent to deprive the heir of his inheritance must be clear and unquestionable.

The will of Miss Porter relates wholly to personal property. No specific allusion is made to real estate, nor is any language used denoting the possession by her of any lands. After giving a great many articles of personal property to her different friends and relatives, the will closes by the use of the following language: "Should my executor find other property belonging to me not herein any wise disposed of, he may sell the same and from the proceeds thereof give two-thirds of the same to Louisa Toles and the remainder to Mrs. Alfred Barnes." Under this provision Louisa Toles claims two-thirds of the real estate or its proceeds. But such claim is unfounded. The words " other property " in the will mean other property of the same kind with that therein disposed of — that is, other personal property. It is probable that Miss Porter was not aware that she was the owner in fee of the real estate in suit. Otherwise she would have given it more marked consideration than is implied from the words " should my executor find other property." Evidently that language does

not apply, or was not intended to apply, to this real estate. The will is confined to personal property. There are no words used indicating an intent to dispose of real estate. The final clause indicates that the testatrix supposes that she has disposed of all the property intended to be willed by her, but if by chance she has overlooked any articles of personal property, they are to be sold and the proceeds divided. The case of *Bullard* v. *Goffe* (20 Pick., 252) is quite conclusive. We have examined most of the cases cited in the opinion and by counsel in that case, and they are all in harmony with the decision of the learned judge at Special Term.

The judgment is abundantly sustained by authority, and must be affirmed with costs against the appellant.

LEARNED, P. J. and BOCKES, J., concurred.

Judgment affirmed, with costs against the appellant.